**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **STEPHEN RICHARD MAYES,** | ) | |
| **# 537428,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 3:17-cv-01326** |
| | ) | **Judge Trauger** |
| **v.** | ) | |
| | ) | |
| **DAVID SEHORN,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**M E M O R A N D U M**

Stephen Richard Mayes, an inmate of the Lois DeBerry Special Needs Facility in Nashville,

Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against physician's

assistant David Sehorn, Unit 7B Provider, Dr. Madu Nwozo, and Unit 7B Physician, alleging

violations of the plaintiff's civil and constitutional rights. (Docket No. 1). As relief, the complaint

seeks compensatory and punitive damages. (*Id.* at p. 6). The plaintiff also has filed a motion for

appointment of counsel (Docket No. 3) and a "Motion Requesting Guidance and Assistance with

Case" (Docket No. 5).

**I.      Motion for Appointment of Counsel**

Along with the filing of his complaint, the plaintiff submitted a motion seeking the

appointment of counsel. (Docket No. 3). The Supreme Court has held that "an indigent's right to

appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the

litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike criminal

proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this

1

action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.,* No. 91-5759, 947 F.2d 947 (6th Cir. 1991)(citing *Willett* favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

The plaintiff's circumstances as described are typical to most prisoners and do not suggest anything exceptional in nature. The plaintiff submitted a detailed, coherent complaint. He does not allege that he suffers from any mental defects or physical disabilities that would limit his ability to prosecute his case. Therefore, his motion for the appointment of counsel (Docket No. 3) will be denied.

## II.     Motion Requesting Guidance and Assistance with Case

The plaintiff also submitted a motion "requesting guidance and assistance with case." (Docket No. 5). In his motion, the plaintiff states that he has "had two other incidents of deliberate indifference occur since filing the complaint." (*Id.* at p. 1). He states that he is "in fear of [his] well-being" and is "afraid something will happen to [him] soon and need to get some guidance." (*Id.*)

The court must be impartial to all parties. Therefore, the court cannot give legal advice or assistance to litigants, including *pro se* litigants, because the court cannot favor or appear to favor one litigant over another litigant.

In addition, the plaintiff's motion does not explain what "incidents" have occurred or what specific threat(s) to the plaintiff's health and safety are present. Without more details, the court is unable to address the plaintiff's unspecified concerns. The motion, therefore, will be denied.

## III.    PLRA Screening Standard

The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief.  Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## IV.     Section 1983 Standard

The plaintiff brings his federal claims pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## V.     Alleged Facts

According to the complaint, while incarcerated at the Lois DeBerry Special Needs Facility, David Sehorn, a physician's assistant, diagnosed the plaintiff with shingles on March 14, 2017. He prescribed Acyclovir, an antiviral used to treat the symptoms for shingles, as well as acetaminophen for pain twice daily. From March 14, 2017 to March 20, 2017, the plaintiff experienced "extreme pain that caused loss of sleep and severe physical discomfort and mental anguish . . . ." (Docket No. 1 at p. 5). On March 16, 2017, the plaintiff filled out a sick call request to be reevaluated "in order to get a change in medication for pain . . . ." (*Id.*) Sehorn told the plaintiff that Acyclovir would take five to seven days to begin working.

On March 17, 2017, Unit Nurse Paula Lampman told the plaintiff that she had spoken to Mr.

Sehorn, and he had placed the plaintiff on bed restriction and had denied the plaintiff's request for a change of pain medication or an increase in the amount of pain medication. The plaintiff believes that Sehorn "had available avenues of treatment and deliberately ignored Plaintiff's request for proper pain management." (*Id.* at p. 6).

## VI.    Analysis

The complaint alleges that the defendants failed to provide the plaintiff with proper pain management for his shingles-related pain. To establish a violation of his Eighth Amendment constitutional rights resulting from a denial of adequate medical care, a plaintiff must show that the defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). "Deliberate indifference" is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice. *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994); *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999)(*en banc*); Westlake v. Lucas, 537 F.2d 857, 860-61 n. 5 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 105-06.

An Eighth Amendment claim of denial of medical care claim has both an objective and subjective component. The objective component requires that the plaintiff's medical needs were sufficiently serious. *See Rhodes v. Chapman*, 452 U.S. 337 (1981); *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). The subjective component requires that the defendants were deliberately indifferent to the plaintiff's medical needs. *See Wilson v. Seiter*, 501 U.S. 294 (1991); *Hunt*, 974 F.2d at 735.

Complaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff to relief. *Estelle*, 429 U.S. at 105-06. A prisoner's difference of opinion regarding diagnosis or

treatment also does not rise to the level of an Eighth Amendment violation. *Id.* at 107. Further, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law. *Westlake*, 537 F.2d at 860 n. 5 (6th Cir. 1976). Finally, to set forth a viable claim for the denial of medical care, the plaintiff must argue that his health suffered as a consequence of such alleged denial. *See Thaddeus-X v. Blatter,* 175 F.3d 378, 401 (6th Cir. 1999).

While the complaint names Unit 7B Provider and Unit 7B Physician as defendants to this action, the complaint does not alleged any specific personal involvement by these defendants in the events described in the complaint. A plaintiff must identify the right or privilege that was violated and the role of the defendant in the alleged violation, *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), and the plaintiff here has failed to do so with regard to the above-named defendants. Thus, the plaintiff's claims against defendants Unit 7B Provider and Unit 7B Physician must be dismissed.

As to defendant Sehorn, the plaintiff admits that, after Sehorn diagnosed the plaintiff with shingles, Sehorn prescribed an antiviral medication for the plaintiff's condition and acetaminophen for the plaintiff's pain. When the plaintiff sought an increase in pain medication or a change of pain medication, Sehorn denied the plaintiff's request, although he placed the plaintiff on bed restriction. Thus, the plaintiff received medical treatment; he simply disagrees with Sehorn's decision regarding whether the plaintiff's pain medication should be changed or increased.

Although the plaintiff disagrees with the manner in which he was treated, a prisoner's disagreement with a course of medical treatment does not state a federal constitutional claim. Furthermore, even if the plaintiff's medical treatment was allegedly deficient in some manner,

"[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. at 105-06. Simply put, an inmate is not entitled to the "best" medical treatment available. *Bemer v. Correctional Med. Services*, No. 10-12228, 2012 WL 525564, *7 (E.D. Mich. Jan. 27, 2012)(citing the 5th Circuit). The plaintiff in this case has received some medical attention, including an antiviral and pain medication and prescribed bed rest; therefore, he has not established that Sehorn acted with deliberate indifference to the plaintiff's serious medical needs.

The plaintiff's claims against Dr. Nwozo are based solely on his role as attending physician for the plaintiff's unit; indeed, the complaint alleges that Nwozo "is the direct supervisor of Mr. Sehorn, and ultimately responsible for Mr. Sehorn's actions because Mr. Sehorn is acting under the authority of Dr. Nwozo's medical licence." (Docket No. 1 at p. 6). Further, the complaint alleges that Dr. Nwozo "is deliberately indifferent for not reviewing Mr. Sehorn's records as required by law, also, liable for not instituting proper protocols that would address the needs of inmates in need of short-term pain management." (*Id.*)

Even if Dr. Nwozo bears responsibility for Sehorn's decisions as the supervising physician of a physician's assistant, the plaintiff has not stated an actionable Eighth Amendment claim against Dr. Nwozo because the court already has determined that Sehorn did not violate the plaintiff's constitutional rights under the facts alleged in the complaint. Furthermore, the complaint fails to explain how a change in institutional protocols regarding pain management would have altered the defendants' behavior in this instance when the court has determined that no constitutional violation occurred with regard to the plaintiff's treatment. Therefore, the plaintiff's claims against Sehorn and Dr. Nwozo, as well as the unnamed Unit 7B Provider and Physician, will be dismissed. 28 U.S.C.

§ 1915A.

**VII.    Conclusion**

In conclusion, the court will deny the plaintiff's motion for appointment of counsel (Docket No. 3) as well as the plaintiff's motion "requesting guidance and assistance with case" (Docket No. 5).  The court has reviewed the complaint pursuant to the PLRA and finds that the complaint fails to state § 1983 claims upon which relief can be granted as to any defendant.  Therefore, this action will be dismissed.  28 U.S.C.  § 1915A.

An appropriate order will be entered.

ENTER this 22nd day of November 2017.

_____
Aleta A. Trauger
United States District Judge